NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
GLENY R. MARTINEZ,             )
                                  )
           Plaintiff,        )
                                  )     Civil Action No.: 08-2769 (JLL)
       v.               )
                                  )     **OPINION**
GRANITE STATE MANAGEMENT   )
AND RESOURCES,          )
                                  )
           Defendant.    )
_____)

For Defendant: Thomas R. Dominczyk (*Maurice & Needleman, P.C.*)

**LINARES, District Judge.**

This matter comes before the Court on Defendant Granite State Management and Resources's ("Defendant" or "Granite State") motion to dismiss [CM/ECF #4] the Complaint filed by Plaintiff Gleny R. Martinez ("Plaintiff" or "Martinez"). No oral argument was held. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendant's motion to dismiss is denied in part and granted in part.

In her Complaint, Martinez claims that after cosigning a student loan for a sibling, negative information about an account with Granite State appeared on her credit report. (Compl. ¶¶ 4-5, 9.) Martinez alleges that she has made numerous attempts to dispute the Granite State entry on her credit report to no avail, and that her credit report does not note that the Granite State debt is disputed. (Id. ¶¶ 6-8, 10.) According to Plaintiff, she has been denied credit due to the negative Granite State information in her credit report, and that the failure of Granite State to

1

cause the dispute to appear on Martinez's credit report causes Granite State to be liable under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681i, 1681n, 1681o, and 1681s.  (Compl. ¶¶ 19-23, 27-29.)  Plaintiff alleges that Granite State is liable under both FCRA willful noncompliance and negligence theories.  (Id. ¶¶ 21, 23, 27, 29.)

Martinez filed her Complaint before the Superior Court of New Jersey, Essex Vicinage, on May 9, 2008.  Defendant then removed the matter to this Court on June 4, 2008, under the 28 U.S.C. § 1331 federal question jurisdiction of this Court.  The instant motion to dismiss was filed on June 26, 2008.

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[1]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although the proscriptions of Rule 8

apply to all plaintiffs, when a plaintiff is proceeding pro se, the court must construe the complaint

liberally.  Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644,

648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing pro se

plaintiffs' pleadings liberally").  Moreover, given the disparity in legal sophistication, the court

will hold a complaint submitted by a pro se plaintiff to a less exacting standard than one

submitted by trained counsel.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Haines v.

Kerner, 404 U.S. 519 (1972).  With this framework in mind, the Court turns now to Defendant's

motion.

      Defendant makes three arguments that the Complaint should be dismissed: that Martinez

did not sufficiently plead an inaccuracy, that Martinez did not plead that she disputed her debt

with a credit reporting agency, and that a furnisher of credit information may not be liable in a

private action under § 1681s-2(b). (Def. Br. 6-10.)  As these arguments are interrelated, the Court

will address them together.

      Granite State claims that as a furnisher of information to credit reporting agencies, it may

not be sued by Martinez under § 1681s-2(a)(3).  (Def. Br. at 9-10.)  That section states:

> If the completeness or accuracy of any information furnished by
> any person to any consumer reporting agency is disputed to such
> person by a consumer, the person may not furnish the information
> to any consumer reporting agency without notice that such
> information is disputed by the consumer.

15 U.S.C. § 1681s-2(a)(3).  The first count of Martinez's Complaint alleges that she suffered

harm due to Granite State's willful or negligent failure to comply with this portion of the FCRA,

and demands damages under § 1681n and § 1681o.  (Compl. ¶¶ 17-23.)  Count two alleges the

same conduct and predicates liability under the same statutory sections as the first count.  (Id. ¶¶

24-29.)  Both counts of the Complaint, therefore, allege claims within the ambit of § 1681s-

2(a)(3).

There is, however, no private right of action under § 1681s-2(a)(3) for violations of §

1681n or § 1681o.  15 U.S.C. § 1681s-2(c); Krajewski v. American Honda Fin. Corp., 557 F.

Supp 2d 596, 608 (E.D. Pa. 2008).  Plaintiff cannot, therefore, maintain her action as a matter of

law based on the failure of Granite State to report the dispute, and any claim of Martinez under §

1681s-2(a) is dismissed with prejudice.  (Compl. ¶¶ 19, 26.)

Plaintiff also quotes § 1681s-2(b) in her Complaint, for which a private right of action

exists.  Krajewski, 557 F. Supp 2d at 609.  The relevant portion of § 1681s-2(b) reads as follows:

> After receiving notice pursuant to section 1681i(a)(2) of this title of
> a dispute with regard to the completeness or accuracy of any
> information provided by a person to a consumer reporting agency,
> the person shall--
>
> **(A)** conduct an investigation with respect to the disputed information;
>
> **(B)** review all relevant information provided by the consumer
> reporting agency pursuant to section 1681i(a)(2) of this title;
>
> **(C)** report the results of the investigation to the consumer reporting
> agency;
>
> **(D)** if the investigation finds that the information is incomplete or
> inaccurate, report those results to all other consumer reporting
> agencies to which the person furnished the information and that
> compile and maintain files on consumers on a nationwide basis; and
>
> **(E)** if an item of information disputed by a consumer is found to be
> inaccurate or incomplete or cannot be verified after any
> reinvestigation under paragraph (1), for purposes of reporting to a
> consumer reporting agency only, as appropriate, based on the
> results of the reinvestigation promptly–
>
>> **(i)** modify that item of information;
>>
>> **(ii)** delete that item of information; or
>>
>> **(iii)** permanently block the reporting of that item of

4

information.

15 U.S.C. § 1681s-2(b). To state a claim under this section, a plaintiff must plead that "(1) she

sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting

agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to

investigate and modify the inaccurate information." Ruff v. America's Servicing Co., No. 07-

489, 2008 WL 1830182, *4 (W.D. Pa. Apr. 23, 2008). Contrary to Defendant's contention,

Martinez does allege that she had contact with the credit reporting agencies, but does not allege

that the credit reporting agencies contacted Granite State to verify the debt, or that there was any

deficiency in any investigation. (Compl. ¶¶ 13-14; Def. Br. at 7-9.) Courts in this Circuit have

generally permitted complaints to proceed where plaintiffs allege that they notified credit

reporting agencies of disputes, finding that discovery is generally necessary to evaluate whether a

claim actually exists, as the claim may depend upon an act by the credit reporting agency in

question. Krajewski, 557 F. Supp 2d at 610; Jaramillo v. Experian Info. Solutions, Inc., 155 F.

Supp 2d 356, 363 (E.D. Pa. 2001); Ruff, No. 07-489, 2008 WL 1830182, *4; Beisel v. ABN

Ambro Mortgage, Inc., No. 07-2219, 2007 WL 2332494, at *1-2 (E.D. Pa. Aug. 10, 2007). A

liberal reading of Martinez's Complaint makes it clear that although she does not, at this time,

state the nature of her complaints to the credit reporting agencies or any actions taken thereafter,

she did dispute the debt, and discovery will disclose the substance of these claims and whether or

not Granite State received the notice required from the credit reporting agencies for liability

under § 1681s-2(b). See Krajewski, 557 F. Supp 2d at 610; Jaramillo, 155 F. Supp 2d at 363.

As to her failure to plead inaccuracy, Martinez's Complaint does allege that she disputed

whether the debt to Granite State had been paid. (Compl. ¶ 7.) Although Martinez does not

provide every fact surrounding her claim, she does make the proper "showing" under Rule 8 to provide notice to Granite State of the conduct it must defend against: Martinez provides the type of debt, gives an indication of the other party signed to the obligation, and indicates throughout her pleading that a substantial paper trail exists that would serve to clarify the issues in the case following discovery.   <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007); <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234-35 (3d Cir. 2008).  This Court, therefore, this Court finds that Martinez's Complaint, to the extent it makes out a claim under § 1681s-2(b), may not be dismissed at this time.

## CONCLUSION

For the reasons heretofore given, this Court denies in part and grants in part Defendant's motion to dismiss.  An appropriate Order accompanies this Opinion.


DATED: November 20, 2008                                 /s/ Jose L. Linares
                                                      United States District Judge